## HEFFERNAN v MILWAUKEE MECHANICS INS CO

Ohio Appeals 8th Dist, Cuyahoga Co

No 9917.  Decided April 29, 1929

**VICKERY, PJ.**

As a proposition of criminal law, we would at once concede that this is true.

But now does it follow that, because the husband could not be convicted in a criminal court of stealing his wife's automobile, that an insurance company would not be liable upon a theft policy?

If the Insurance Company who made this policy wanted to guard against the taking of an automobile by a man who in the eyes of the law is the husband, but as a matter fact is not a resident or an inmate of the family, either by service or living in the family, it might do so by putting such a provision in the policy. Not having done so, it resolves itself down to this; that this car was **stolen** from the possession of the insured, the plaintiff in error, and the mere fact that the thief was the husband and, because of the relation existing between them, he cannot be prosecuted successfully

in a criminal prosecution, does not release the insurance company from liability upon its policy where, as a matter of fact, the thief, although the husband, was not a member of the household.

We do not think that it is necessary to construe the word theft in this policy as an act so in violation of the law that the one who commits the act must necessarily be convicted of the crime of larceny. In other words, there may be a theft without necessarily subjecting the person who steals the article to the punishment for larceny.

Now there is nothing in this record to show that there was any collusion between the husband and wife, on the contrary, it is definitely stated that there was no collusion.

In our judgment, this theft was complete and it was not taken by one who comes within the exception, and it makes no difference whether the person who stole this car could be successfully prosecuted or not. It was a theft within the meaning of this policy and the Insurance Company having paid the money, we think there was error in the court's permitting it to maintain a suit to recover.

We think the verdict and the judgment based thereon is contrary to the weight of the evidence and is contrary to the law; that the court should have granted a new trial or entered up a judgment for the defendant below upon this record. That having been the judgment which the court ought to have rendered, we will reverse this case and enter up final judgment for the plaintiff in error.

Sullivan and Levine, JJ, concur.